E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-09228-S3**
**12/29/2021 6:48 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| DAVID MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO.   21-C-09228-S3 |
| DOLLAR TREE STORES, INC., ) | |
| AND JOHN DOES 1-3, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff, David Montgomery, and files his Complaint through undersigned counsel, and respectfully shows the Court as follows:

1.

Defendant Dollar Tree Stores, Inc. ("Dollar Tree") is a Virginia corporation with its principal business address located at 500 Volvo Parkway, Chesapeake, Virginia, 23320. Dollar Tree maintains a registered agent for service of process in Gwinnett County, Corporation Service Company, which may be served with process at 2 Sun Court, Suite 400 Peachtree Corners, Georgia 30092.

2.

John Does 1 – 3 ("Does") are or may be individuals and/or entities with ownership interest(s) in the Property at issue, parties responsible for managing, maintaining, stocking and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clear, and/or remediate the common areas, including the location of Plaintiff's incident.

3.

On February 4, 2020, Plaintiff was an invitee at the Dollar Tree store located at 3668 Marketplace Blvd, East Point, Georgia 30344 (the "Property").

4.

On February 4, 2020, Plaintiff browsed merchandise in the aisles of the Dollar Tree store.

5.

While walking in a common area of the property, Plaintiff slipped and fell in an unknown liquid substance, causing serious injuries to Plaintiff.

6.

Dollar Tree knew or should have known a hazardous condition existed and failed to take action to remediate the hazardous condition or warn invitees of the hazardous condition.

7.

There were no warning signs in the area where the subject incident occurred or of the hazardous condition that existed at the time.

8.

As a result of the subject incident, he suffered serious injuries.

9.

Plaintiff's injuries were caused solely by Defendant(s)' negligence.

10.

Defendant(s) were negligent because they failed to maintain, inspect, and be sure that the common areas were clear of any hazardous condition.

11.

Defendant(s) had superior, actual, and/or constructive knowledge of the hazardous condition.

## COUNT I: PREMISES LIABILITY

12.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

13.

Plaintiff was an invitee on the Property at the time of the incident.

14.

Defendant(s) had a duty to exercise ordinary care to keep the Property safe for invitees, including aisles.

15.

Defendant(s) failed to exercise that duty by failing to maintain, inspect and/or that the floors were clear of any hazardous condition.

16.

Defendant(s)' failure and the corresponding actions described in this Complaint constitute negligence.

17.

As a direct and proximate result of Defendant(s)' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

18.

As a direct and proximate result of Defendant(s)' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendant(s) to compensate him for the following elements of damage:

a. Medical expense;

b. Pain and suffering;

c. Mental anguish;

d. Lost wages; and

e. Diminished quality of life.

19.

As a proximate result of Defendant(s)' negligence, Plaintiff suffered special damages no less than as follows:

| Provider | Dates of Service | Amount |
|---|---|---|
| Wellstar AMC | 02/04/20 – 04/26/20 | $18,494.20 |
| East Atlanta Injury & Wellness | 02/19/20 – 04/15/20 | $9,211.00 |
| Elite Radiology of Georgia, LLC | 02/24/20 | $6,300.00 |
| Grady EMS | 04/26/20 | $2,167.00 |
| Electronic Waveform Lab, Inc. | 04/16/20 | $4,200.00 |
| Precision Injury Care | 02/17/20 | $675.00 |
| Quantum Radiology PC | 04/26/20 | $1,017.00 |
| Regional Medical Group | 03/10/20 – 06/06/20 | $12,943.00 |
| South Fulton Emergency Physicians, LLC | 02/04/20 | $645.00 |
| The Bortolazzo Group, LLC | 02/08/20 | $645.00 |
| Wellstar Cobb Hospital | 02/08/20 – 02/23/20 | $4,381.80 |
| **Total Amount** | | **$60,679.00** |

20.

Defendant(s) have been stubbornly litigious, acted in bad faith, or have caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendant(s) for special damages in an amount to be proven at trial, but no less than $60,679.00 for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses

4

pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

**COUNT II: VICARIOUS LIABILITY**

21.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

22.

At all times relevant to this action, John Does and/or employed individuals of Dollar Tree, were responsible for inspecting and maintaining the area where Plaintiff was injured.

23.

Defendant Dollar Tree is responsible for the conduct of its employees under the doctrines of *respondeat superior*, agency or apparent agency.

24.

The Employees had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff was injured.

25.

The Employees failed to exercise that duty by failing to maintain and inspect, the areas used by invitees, which caused Plaintiff's injuries.

26.

The Employees failed to exercise that duty by failing to maintain and inspect, the areas used by invitees, which caused Plaintiff's injuries.

27.

As a direct and proximate result of the Employees' negligence, for which Dollar Tree is vicariously liable, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, suffering and discomfort, diminished quality of life, and medical expenses.

28.

As a direct and proximate result of the Employees' negligence, for which Dollar Tree is vicariously liable, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Dollar Tree to compensate him for the following elements of damage:

    f.    Medical expense;

    a.    Pain and suffering;

    b.    Mental anguish;

    c.    Lost wages; and

    d.    Diminished quality of life.

29.

As a proximate result of the Employees' negligence, for which Dollar Tree is vicariously liable, Plaintiff suffered special damages no less than as follows:

| Provider | Dates of Service | Amount |
| --- | --- | --- |
| Wellstar AMC | 02/04/20 – 04/26/20 | $18,494.20 |
| East Atlanta Injury & Wellness | 02/19/20 – 04/15/20 | $9,211.00 |
| Elite Radiology of Georgia, LLC | 02/24/20 | $6,300.00 |
| Grady EMS | 04/26/20 | $2,167.00 |
| Electronic Waveform Lab, Inc. | 04/16/20 | $4,200.00 |
| Precision Injury Care | 02/17/20 | $675.00 |
| Quantum Radiology PC | 04/26/20 | $1,017.00 |
| Regional Medical Group | 03/10/20 – 06/06/20 | $12,943.00 |
| South Fulton Emergency Physicians, LLC | 02/04/20 | $645.00 |
| The Bortolazzo Group, LLC | 02/08/20 | $645.00 |
| Wellstar Cobb Hospital | 02/08/20 – 02/23/20 | $4,381.80 |
| **Total Amount** | | $60,679.00 |

6

30.

Dollar Tree has been stubbornly litigious, acted in bad faith, or has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Dollar Tree for special damages in an amount to be proven at trial, but no less than $60,679.00 for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

### COUNT III: NEGLIGENT TRAINING & SUPERVISION

31.

Plaintiff incorporates by reference each earlier paragraph of this Complaint with the full force and effect as if they were restated verbatim.

32.

Dollar Tree is required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning, stocking and maintenance were performed on the premises.

33.

Dollar Tree is required to train its employees concerning safety procedures for inspecting, repairing, stocking, and maintaining the premises.

34.

Dollar Tree is negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning, stocking, and maintenance were performed on the property.

35.

Dollar Tree is negligent for failing to train its Employees concerning safety procedures for inspecting, stocking and maintaining the premises.

36.

Dollar Tree was negligent in the training and supervising of employees.

37.

Alternatively, Dollar Tree was negligent by failing to ensure its Employees followed its safety procedures for inspecting, stocking, and maintaining the premises where Plaintiff was injured.

38.

As a result of Dollar Tree's negligence, Plaintiff was injured.

39.

As a result of Dollar Tree's negligence in training and supervising its Employees, Plaintiff was injured.

40.

As a direct and proximate result of Dollar Tree's negligence, Plaintiff is entitled to monetary damages from Dollar Tree to compensate him for the following elements of damage:

    a.    Medical expense;

    b.    Pain and suffering;

    c.    Mental anguish;

    d.    Lost wages, and

    e.    Diminished quality of life.

41.

As a proximate result of Dollar Tree's negligence, Plaintiff suffered special damages no less than as follows:

| Provider | Dates of Service | Amount |
| --- | --- | --- |
| Wellstar AMC | 02/04/20 – 04/26/20 | $18,494.20 |
| East Atlanta Injury & Wellness | 02/19/20 – 04/15/20 | $9,211.00 |
| Elite Radiology of Georgia, LLC | 02/24/20 | $6,300.00 |
| Grady EMS | 04/26/20 | $2,167.00 |
| Electronic Waveform Lab, Inc. | 04/16/20 | $4,200.00 |
| Precision Injury Care | 02/17/20 | $675.00 |
| Quantum Radiology PC | 04/26/20 | $1,017.00 |
| Regional Medical Group | 03/10/20 – 06/06/20 | $12,943.00 |
| South Fulton Emergency Physicians, LLC | 02/04/20 | $645.00 |
| The Bortolazzo Group, LLC | 02/08/20 | $645.00 |
| Wellstar Cobb Hospital | 02/08/20 – 02/23/20 | $4,381.80 |
| Total Amount | | $60,679.00 |

42.

Dollar Tree has been stubbornly litigious, acted in bad faith, or has caused Plaintiff to incur unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Dollar Tree for special damages in an amount to be proven at trial, but no less than $60,679.00 for general damages for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of December 2021.

/s/ Allen M. Hoffman Jr.
Allen M. Hoffman Jr.
Georgia Bar No. 964123

/s/ Eric L. Jensen
Eric L. Jensen
Georgia Bar No. 391259
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
Email: ahoffman@eljlegal.com